UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANTEE W. JACOBS,<br><br>    Petitioner,<br><br>    v.<br><br>TRENT ALLEN,<br><br>    Respondent. | Case No. 21-cv-07846-WHO (PR)<br><br>**ORDER DIRECTING PETITIONER TO FILE A HABEAS PETITION ON OR BEFORE APRIL 4, 2022** |

## INTRODUCTION

Because Kantee W. Jacobs seeks release from custody, his 42 U.S.C. § 1983 complaint will be construed as a habeas petition filed under 28 U.S.C. § 2254. On or before **April 4, 2022**, Jacobs is directed to file a petition on the Court's form, a copy of which will be sent to him. In it, he must give specific information about the date of his conviction and why he believes he is entitled to release.

## DISCUSSION

Jacobs filed a 42 U.S.C. § 1983 complaint against the Governor of California, Gavin Newsom, and the California Department of Corrections and Rehabilitation. He asserts in a conclusory fashion that he is entitled to release from custody because Proposition 57 constitutes an *ex post facto* law and he has been denied due process. (Compl., Dkt. No. 1 at 3.) Jacobs has not provided any specific facts, such as the date of his conviction, his putative release date, or how he has calculated his release date.

Because Jacobs seeks release from custody, this action will be regarded as a habeas petition filed under 28 U.S.C. § 2254. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (habeas corpus action proper mechanism for challenging "legality or duration" of

confinement). The Clerk is directed to change the Nature of Suit Code to 530; change "Plaintiff" to "Petitioner" and "Defendant" to "Respondent"; and otherwise modify the docket to reflect that this is a habeas action brought under 28 U.S.C. § 2254.

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Jacobs alleges Proposition 57 constitutes an *ex post facto* law and that he is being deprived of due process. Because his allegations are conclusory, Jacobs must provide the Court with specific facts demonstrating that he is entitled to relief. Such facts must include the date and place of his conviction, what release date he believes is the correct one, and exactly how the application of Proposition 57 to his sentence is unconstitutional.

## CONCLUSION

The complaint is DISMISSED. On or before **April 4, 2022**, Jacobs shall file a habeas petition on this Court's form in which he provides specific facts demonstrating that he is entitled to release from custody. <u>Failure to file a petition by that date will result in the dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.</u> The petition must include the caption and civil case number used in this order (21-07846 WHO (PR)), and must appear on this Court's form.

It is petitioner's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely

fashion or ask for an extension of time to do so. Failure to comply will result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

Jacobs's motion to proceed *in forma pauperis* is GRANTED. (Dkt. No. 4.)

The Clerk is directed to change the Nature of Suit Code to 530; change "Plaintiff" to "Petitioner" and "Defendant" to "Respondent"; and otherwise modify the docket to reflect that this is a habeas action brought under 28 U.S.C. § 2254.

The Clerk shall also modify the docket to reflect that Trent Allen, the warden of the prison in which petitioner is housed, is the sole respondent in this action. Allen is the sole proper respondent in this action, as he is the custodian having day-to-day control over petitioner, the only person who can produce "the body" of the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (quoting *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986) ).

The Clerk shall terminate all pending motions.

**IT IS SO ORDERED.**

**Dated:** February 23, 2022



WILLIAM H. ORRICK
United States District Judge

3